UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRENT LUYSTER,

                Plaintiff,

v.

RIC BISHOP,

                Defendants.

Case No. C18-6022-BHS-TLF

ORDER DENYING MOTION TO APPOINT COUNSEL

This matter comes before the Court on plaintiff's motions for court-appointed counsel (Dkt. 7). Having carefully considered this motion and the balance of the record, the Court finds the motion should be denied.

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A

plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff states in his motion that he does not have the resources to pay for an attorney. Dkt. 7, at 1. He also indicates he attempted to contact several attorneys and attaches letters from legal organizations indicating that they are unable to take his case due to lack of resources. *Id.*, at 5. The inability to obtain counsel due to cost or lack of availability, however, does not constitute an exceptional circumstance that necessarily requires the appointment of counsel at government expense. This is the type of condition of confinement faced by many inmates who file civil rights complaints. *See Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1998).

Plaintiff also states he has limited knowledge of the law and limited access to the law library. Dkt. 7, at 2. However, plaintiff has not shown these factors have prevented him from being able to articulate the factual basis of his claims *pro se*. Rather, plaintiff's legal filings and communications with the Court (including a serviceable complaint) have thus far demonstrated adequate understanding of his case and the legal issues involved as well as sufficient ability to articulate the factual basis of his claim. Again, that a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff asserts that this case is complex but offers no explanation or support for this claim. Furthermore, defendants have not yet filed an answer in this case and it is premature to assess the likelihood of success or whether the issues in this case are, in fact, necessarily complex.

Plaintiff also states that "due to an existing policy that prohibits inmate to inmate communication, the plaintiff cannot contact … [inmate] witnesses, whereas counsel could."[1] Dkt. 7, at 1. Plaintiff also asserts that the Clark County Sheriff's Office is redacting and withholding public records which the plaintiff requires to successfully litigate his case and that counsel could obtain such records. *Id.*, at 2. Plaintiff appears to be concerned that he will be unable to obtain the information necessary to prosecute his case. These concerns appear to be discovery-related and thus it may be appropriate for plaintiff to raise these issues during the discovery stage of the case.

Because defendants have not yet filed an answer and formal discovery has not commenced, it is premature for the court to determine whether the information plaintiff is referring to is relevant and proportional. It is also premature for the Court to conclude that plaintiff will be unable to obtain the information he needs to prosecute his case through the regular discovery process without the assistance of counsel. Thus, plaintiff has not demonstrated, at this point, that he is unable to proceed without an attorney.

In sum, plaintiff has failed in his burden to demonstrate an inability to present his claims to this Court without counsel. Plaintiff's motion for appointment of counsel (Dkts. 7), therefore, is DENIED without prejudice**.** The Clerk shall send a copy of this Order to plaintiff.

Dated this 13th day of February, 2019.

Theresa L. Fricke
United States Magistrate Judge

---

[1] It is unclear whether plaintiff is alleging there is an official policy prohibiting all communication, whether he is alleging this policy applies in specific circumstances, or whether he is alleging a general prohibition on communication amongst inmates. If plaintiff is attempting to raise a separate claim related to this alleged policy he must either move to amend his complaint, if appropriate, or file a separate complaint addressing this issue.

ORDER DENYING MOTION TO APPOINT COUNSEL - 3