UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRENT LUYSTER,

                Plaintiff,

    v.

RIC BISHOP, et al.,

                Defendants.

Case No. C18-6022 BHS-TLF

ORDER STAYING DISCOVERY

This matter comes before the Court on plaintiff's motion for extension of the discovery deadline. (Dkt. 23.)

On February 28, 2019, the Court issued a pre-trial scheduling order. (Dkt. 13.) The pre-trial scheduling order set a discovery deadline of June 28, 2019, instructing parties that "service of responses to interrogatories and to requests to produce, and the taking of depositions, shall be completed by this date." *Id*. at 1. Further, the order instructed that the serving party must serve interrogatories at least thirty days before this deadline to allow the other party thirty days to respond in compliance with Federal Rule of Civil Procedure (FRCP) 33(a). *Id*.

In his motion for extension of the discovery deadline, plaintiff indicates that "[o]n May 28, 2019, exactly thirty days before the deadline, plaintiff served a discovery request via the U.S. mail." (Dkt. 23 at 1.) Plaintiff further indicates that defendants declined to respond to the requests because defendants received the requests on June 3, 2019 and therefore the responses would be due on July 3, 2019, after the discovery cut-off date. (Dkt. 23 at 2, 9; See, Ex. B.)

ORDER STAYING DISCOVERY - 1

1 Plaintiff informs the Court that these requests were sent in a good faith effort to comply with the
2 pre-trial scheduling order and that plaintiff sincerely believed that he was in compliance with the
3 pre-trial scheduling order. (Dkt. 23 at 2.)

4 In their opposition to plaintiff's motion for extension of the discovery deadline,
5 defendants state that they received plaintiff's first set of interrogatories on May 21, 2019 which
6 defendants objected to. (Dkt. 24 at 2.) Defendants also indicate that they object to the requests
7 for production that defendants received on June 3, 2019. *Id*. Defendants maintain that the
8 requests for production in question were untimely served. *Id*.

9 Further, defendants assert that plaintiff was aware of the discovery cut-off date, as
10 evidenced by the fact that plaintiff submitted timely interrogatories. *Id*. Defendants argue that
11 plaintiff has failed to explain why he needs until September 28, 2019 to serve discovery and has
12 failed to show good cause for the extension pursuant to FRCP 6(b)(1). *Id*. In the alternative,
13 defendants request that the Court stay discovery until defendants' motion to dismiss is decided
14 and the issue of qualified immunity is resolved. *Id*.

15 The objections that defendants have allegedly made to plaintiff's discovery requests are
16 not before the Court in this motion and will not be considered in the Court's order.

17 Pursuant to FRCP 5(a)(1)(C), unless the court orders otherwise, all discovery paper must
18 be served on the party subject to the discovery requests. When a paper is served by mail, service
19 is completed upon mailing. FRCP 5(b)(2)(C). Further, in the case of service by an incarcerated
20 *pro se* litigant, service under FRCP 5(b) occurs upon the submission of the papers to prison
21 authorities to mail to the party to be served. *Faile v. Upjohn Co.*, 988 F.2d 985, 988 (9th Cir.
22 1993), disapproved on other grounds, *McDowell v. Calderon*, 197 F.3d 1253 (9th Cir. 1999).
23 This is because in the case of service by an incarcerated *pro se* litigant, the moment at which the
24
25

litigant "necessarily lose[s] control over and contact with their documents is at delivery to prison authorities, not at deposit in the public mail." *Id*.

In the present case plaintiff states that he mailed the request for production on May 28, 2019. (Dkt. 23 at 1, 6.) Although the envelope attached in Exhibit A is post marked on May 30, 2019, plaintiff is an incarcerated *pro se* litigant and therefore service was effective the day he submitted the requests to be mailed -- not the date on which the correctional facility actually mailed the requests. (Dkt. 23 Ex. A.)

For this reason, plaintiff's requests for production were timely served within the deadline established by the pre-trial scheduling order. However, as defendants point out in their letter to plaintiff, defendants did not receive the requests until June 3, 2019, which gave them less than thirty days to respond before the discovery deadline. (Dkt. 23 Ex. B.) Accordingly, in compliance with FRCP 33(a) and to prevent prejudice to any party, the Court GRANTS a thirty (30) day extension for defendants to respond to plaintiff's request for production.

In their response opposing plaintiff's motion, defendants request that if the Court grants plaintiff's motion, the Court should also grant a stay of discovery until defendants' motion to dismiss has been decided. (Dkt. 24 at 3.) When a defendant has raised a qualified immunity defense the Courts should resolve this threshold matter before permitting discovery. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (*citing to Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "If the plaintiff's action survives these initial hurdles and is otherwise viable, the plaintiff ordinarily will be entitled to some discovery." *Id*. In the present case, defendants have asserted qualified immunity as a defense to plaintiff's action and have filed a motion to dismiss. (Dkt. 12, 17.) Because plaintiff has already filed its reply to defendants' motion to dismiss (Dkt. 20,) neither party would be prejudiced by a stay of discovery until defendants' motion to dismiss

is decided.  Therefore, the Court **GRANTS** a stay of discovery in this matter until defendants' motion to dismiss is decided.

For the foregoing reasons, the Court hereby **ORDERS:**

Discovery is stayed in this action until defendants' motion to dismiss is decided, and the issue of qualified immunity is resolved.  If plaintiff's action survives defendants' motion to dismiss, defendants shall have thirty (30) days from the entry of the order on defendants' motion to dismiss to respond to plaintiff's request for production.

Dated this 23rd day of August, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge