UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENT LUYSTER,<br><br>            Plaintiff,<br><br>   v.<br><br>RIC BISHOP, et al.,<br><br>            Defendants. | CASE NO. C18-6022 BHS-TLF<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge, Dkt. 29, and Plaintiff's objections to the R&R, Dkt. 31. For the reasons discussed below, the Court rejects the objections and adopts the R&R.

## I.   PROCEDURAL BACKGROUND

Plaintiff Brent Luyster ("Luyster") brought claims against 11 employees of the Clark County Jail, in both their personal and official capacities, arising out of actions taken in response to Luyster's security breaches during his pretrial detention. Dkt. 5. Defendants Ric Bishop ("Bishop"), Paul Dougher ("Dougher"), Randy Tangen ("Tangen"), Joe Barnett ("Barnett"), Scott Gentry ("Gentry"), Grant Austin ("Austin"),

Ryan Ashworth ("Ashworth"), Christopher Anderson ("Anderson"), Daniel Plotner ("Plotner"), Daniel Schaub ("Schaub"), and Chris Wolfe ("Wolfe") (collectively "Defendants") moved for judgment on the pleadings. Dkt. 17. On March 2, 2020, Judge Fricke issued the R&R recommending that the motion be granted in part and denied in part. Dkt. 29. The R&R recommends dismissal with prejudice and without leave to amend of three claims: Luyster's Fourth and Fourteenth Amendment claims against defendants Tangen, Barnett and Bishop in their individual capacities and Luyster's Eighth Amendment claims against all defendants. *Id*. at 40. The R&R recommends that seven claims be permitted to proceed as pled: Fourth Amendment claims against defendants Gentry, Austin, Ashworth, Anderson, Plotner, Schaub and Wolfe in their individual and official capacities; visitation rights claims against defendant Gentry in his official capacity; exercise and recreation claims against defendant Gentry in his official capacity; sanitary conditions claims against defendants Gentry, Plotner and Dougher in their individual capacities; mental health claims against defendants Gentry, Plotner and Dougher in their individual capacities; "Nutraloaf" claims against defendant Gentry in his individual capacity; and strip search and leg shackle claims against defendants Gentry, Austin, Ashworth, Anderson, Plotner, Schaub and Wolfe in their individual and official capacities. *Id*. at 37-39. The R&R recommends that all remaining claims, and Luyster's request for injunctive relief, be dismissed without prejudice and with leave to amend. *Id*.

    Luyster raises several objections to the R&R. He objects to the dismissal of the Fourth Amendment claims against defendants Tangen, Barnett and Bishop and the dismissal of all other claims against Bishop on the ground that those defendants either

authored plans that were misapplied by subordinates or failed to curb actions taken by subordinates. Dkt. 31. In addition, Luyster objects to the dismissal with leave to amend of his First Amendment, oral hygiene, and clothing/bedding claims on the ground that he was denied access to those items. *Id*.

## II. DISCUSSION

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

**A. Supervisory Liability Claims**

Judge Fricke properly recommended dismissal with prejudice of Luyster's individual-capacity Fourth Amendment claims against defendants Tangen, Barnett and Bishop. Luyster has not alleged that these defendants personally participated in the excessive strip searches underlying this claim; instead, he alleges no more than supervisory liability.[1] This is insufficient to state a claim under 28 U.S.C. §1983. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Furthermore, any amendment would be futile, as Luyster's complaint and his objections are clear that he relies solely upon the supervisory positions and conduct of these defendants. Judge Fricke also properly dismissed Luyster's official-capacity claims against these defendants with leave to

---

[1] Luyster did allege personal participation in these activities by seven other defendants—Gentry, Austin, Ashworth, Anderson, Plotner, Schaub and Wolfe. Dkt. 5 at 5. The R&R correctly recommends that the motion to dismiss be denied as to those defendants in their individual and official capacities. Dkt. 29 at 31.

1  amend, because the complaint fails to identify an official County custom or policy
2  pursuant to which the defendants acted or failed to act. *Monell v. Dep't of Soc. Servs.*,
3  436 U.S. 658, 691 (1978).
4        Similarly, there is no merit to Luyster's objection to the dismissal (with leave to
5  amend) of the remaining claims against defendant Bishop. Luyster's objection merely
6  repeats his allegation that Bishop should be held liable for denying his grievances. Dkt.
7  31 at 3. The denial of a grievance is insufficient to establish personal participation in the
8  grieved conduct. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).
9  Furthermore, Luyster's complaint contains no allegations establishing that the denial of
10 his grievances was due to official policy or custom sufficient to hold the County liable;
11 therefore, Judge Fricke also properly dismissed Luyster's official-capacity claims against
12 defendant Bishop.
13 **B. First Amendment, Oral Hygiene and Access to Clothing/Bedding Claims**
14       Luyster objects to the dismissal (with leave to amend) of his First Amendment,
15 oral hygiene, and access to clothing/bedding claims against all defendants, arguing that
16 the claims should not be dismissed because he was denied access to all of these items.
17 Dkt. 31 at 2-3. This objection merely reiterates the allegations that Judge Fricke
18 determined were inadequate. As Judge Fricke correctly determined, Luyster's complaint
19 fails to identify any specific defendant who personally participated in the alleged
20 deprivations, or a municipal policy underlying such deprivations sufficient to impose
21 municipal liability. *Leer*, 844 F.2d at 633; *Monell*, 436 U.S. at 691. In addition, Luyster
22

has failed to allege any actual injury arising from any alleged denials of access to the courts.  *Lewis v. Casey* 518 U.S. 343, 348-49 (1996).

### III.  ORDER

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Defendants' motion to strike, Dkt. 20, is **DENIED**;

(3) Defendants' motion to dismiss, Dkt. 17 is **GRANTED IN PART** and **DENIED IN PART** as set forth at pages 37-39 of the R&R;

(4) Plaintiff's *in forma pauperis* status will continue for purposes of any appeal; and

(5) This matter is re-referred to Judge Fricke for further proceedings.

Dated this 20th day of July, 2020.

BENJAMIN H. SETTLE
United States District Judge